```
                                    United States Bankruptcy Court
                                    Middle District of Pennsylvania
In re:                                                                         Case No. 17-01661-JJT
Mark Andrew Stone                                                              Chapter 13
Megan Theresa Stone
          Debtors                             CERTIFICATE OF NOTICE
District/off: 0314-5         User: AGarner              Page 1 of 3               Date Rcvd: Jun 07, 2017
                             Form ID: pdf002            Total Noticed: 89


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 09, 2017.
db/jdb         +Mark Andrew Stone,    Megan Theresa Stone,    14 Yorktown Road,    Mountain Top, PA 18707-2236
cr             +JPMorgan Chase Bank, National Association,    3415 Vision Drive,    Columbus, OH 43219-6009
4912093        +American Express,    P.O. Box 981535,    El Paso, TX 79998-1535
4912094        +BARBARA MACKO,    WRIGHT TOWNSHIP TAX COLL,    321 S MOUNTAIN BLVD,    MOUNTAIN TOP PA 18707-1915
4912095        +BARCLAYS BANK DELAWARE,    125 S WEST ST,    WILMINGTON DE 19801-5014
4912098        +CAPITAL ONE BANK,    PO BOX 30281,    SALT LAKE CITY UT 84130-0281
4912099         CHASE,    PO BOX 24696,    COLUMBUS OH 43224-0696
4912100         CHASE,    PO BOX 78420,    PHOENIX AZ 85062-8420
4912101        +CHASE BANK ONE,    PO BOX 15298,    WILMINGTON DE 19850-5298
4912102        +CITICARDS CBNA,    PO BOX 6241,    SIOUX FALLS SD 57117-6241
4912103        +CITIZENS BANK,    250 LEGACY PLACE,    DEDHAM MA 02026-6828
4912104        +CLIENT SERVICES INC,    3451 HARRY S TRUMAN BLVD,    ST CHARLES MO 63301-9816
4912105        +CLIENT SERVICES INC,    PO BOX 1503,    ST PETERS MO 63376-0027
4912106         CREDIT CONTROL LLC,    PO BOX 31179,    TAMPA FL 33631-3179
4912109         DYNAMIC RECOVERY SOLUTIONS,    PO BOX 25759,    GREENVILLE SC 29616-0759
4912110        +Equifax,   PO Box 740256,    Atlanta GA 30374-0256
4912111        +Experian,    Profile Maintenance,    PO Box 9558,    Allen TX 75013-9558
4912112        +FBCS INC,    330 S WARMINSTER RD STE 353,    HATBORO PA 19040-3433
4912113         FBCS INC,    PO BOX 1116,    CHARLOTTE NC 28201-1116
4912115        +FIRST PREMIER BANK,    3820 N LOUISE AVE,    SIOUX FALLS SD 57107-0145
4912116        +FIRSTSOURCE ADVANTAGE LLC,    205 BRYANT WOODS S,    AMHERST NY 14228-3609
4912117         FIRSTSOURCE ADVANTAGE LLC,    PO BOX 628,    BUFFALO NY 14240-0628
4912114        +First National Bank,    100 S. Phillips Ave,    Sioux Falls, SD 57104-6726
4912119        +GITTENS DISPOSAL SERVICE,    PO BOX 133,    MOUNTAIN TOP PA 18707-0133
4912121        +Home Projects Visa,    Wells Fargo,    P.O. Box 6995,    Portland, OR 97228-6995
4912122        +Honorable Gerald L. Feissner,    MDJ-11-3-06,    321 South Mountain Boulevard,
                 Mountain Top, PA 18707-1915
4912126        +JH PORTFOLIO DEBT,    5757 PHANTOM DR STE 225,    HAZELWOOD MO 63042-2429
4912124         Jay N. Levin, President and CEO,    OneMain Holdings, Inc.,    601 N.W. Second Street,
                 Evansville, IN 47708-1013
4912131         LVNV FUNDING LLC,    625 PILOT RD STE 3,    LAS VEGAS NV 89119-4485
4912129        +Luzerne County Tax Claim Bureau,    200 North River Street,    Wilkes-Barre, PA 18711-1004
4912133        +MACYS,   PO BOX 8218,    MASON OH 45040-8218
4912135        +MONARCH RECOVERY MANAGEMENT,    10965 DECATUR RD,    PHILADELPHIA PA 19154-3210
4912137        +MOUNTAIN TOP AREA,    JOINT SANITARY AUTHORITY,    290 MORIO DR,    MOUNTAINTOP PA 18707-9408
4912134         Merchants and Medical Credit Corp,    6324 Taylor Dr,    Flint MI 48507-4685
4912136         Monarch Recovery Management, Inc.,    PO Box 21089,    Philadelphia, PA 19114-0589
4921596        +Mountaintop Area Joint Sanitary Authority,    c/o Donald G. Karpowich, Attorney-at-Law,
                 85 Drasher Road,    Drums PA 18222-2624
4912139        +NORTHEAST REVENUE SERVICE,    1170 HWY 315 STE 2,    PLAINS PA 18702-6906
4912138        +NORTHEAST REVENUE SERVICE,    200 N RIVER STREET,    WILKES BARRE PA 18711-1004
4912140        +NORTHLAND GROUP INC,    PO BOX 390905,    MINNEAPOLIS MN 55439-0905
4912141        +NORTHLAND GROUP INC,    PO BOX 390846,    MINNEAPOLIS MN 55439-0846
4912143         Officer, Managing or General Agent,    OneMain Holdings, Inc.,    601 N.W. Second Street,
                 Evansville, IN 47708-1013
4912146         OneMain Holdings, Inc.,    601 N.W. Second Street,    Evansville, IN 47708-1013
4912150        +PNC BANK,    PO BOX 856177,    LOUISVILLE KY 40285-6177
4912151        +PPL Electric Utilities,    2 North 9th Street CPC-GENN1,    Allentown, PA 18101-1179
4912576        +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
4912152        +PRESSLER AND PRESLLER,    508 PRUDENTIAL RD STE 200-B,    HORSHAM PA 19044-2309
4912153         PRESSLER AND PRESSLER LLP,    7 ENTIN RD,    PARSIPPANY NJ 07054-5020
4912147         Pennsylvania American Water,    P.O. Box 371412,    Pittsburgh, PA 15250-7412
4912149         Phillips & Cohen Assoc LTD,    Mail Stop 559,    1002 Justison St,    Wilmington DE 19801-5148
4912154         Ralph Gulko Esquire,    Pressler and Pressler LLP,    7 Entin Rd.,    Parsippany NJ 07054-5020
4912157        +SERVICE ELECTRIC CABLE TV,    AND COMMUNICATIONS,    15 J CAMPBELL COLLINS DR,
                 WILKES BARRE PA 18702-6636
4912158        +SRA ASSOCIATES INC,    401 MINNETONKA RD,    HI NELLA NJ 08083-2914
4912163        +THE RECEIVABLES MANAGEMENT,    SERVICES CORPORATION,    PO BOX 361595,    COLUMBUS OH 43236-1595
4912166        ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
                (address filed with court: TOYOTA FINANCIAL SERVICES,     ASSET PROTECTION DEPT,    PO BOX 2958,
                 TORRANCE CA 90509-2958)
4922207        +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
4912167        +Transunion Corporation,    Attention Public Records,    555 West Adams St,
                 Chicago IL 60661-3631
4912168        +UGI PENN NATURAL GAS INC,    PO BOX 15533,    WILMINGTON DE 19850-5533
4912169        +United Collection Bureau, Inc.,    5620 Southwyck Blvd Ste 206,    Toledo, OH 43614-1501
4912170        +Verizon,   PO Box 4003,    Acworth, GA 30101-9004
4912172         Wright Township,    321 South Mountain Boulevard,    Mountaintop, PA 18707-1995
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
4912090        +E-mail/Text: amscbankruptcy@adt.com Jun 07 2017 19:04:59      ADT Security,   3190 S. Vaughn Way,
                 Aurora, CO 80014-3537
4912091         E-mail/Text: roy.buchholz@allianceoneinc.com Jun 07 2017 19:04:18      ALLIANCEONE RECEIVABLES,
                 MANAGEMENT INC,   PO BOX 3111,   SOUTHEASTERN PA 19398-3111
4912092        +E-mail/Text: roy.buchholz@allianceoneinc.com Jun 07 2017 19:04:18
                 ALLIANCEONE RECEIVABLES MANAGEMENT INC,    4850 STREET RD SUITE 300,   TREVOSE PA 19053-6643
4928161        +E-mail/Text: csc.bankruptcy@amwater.com Jun 07 2017 19:05:01      American Water,   PO Box 578,
                 Alton, IL 62002-0578
4912097         E-mail/Text: cms-bk@cms-collect.com Jun 07 2017 19:04:28      CAPITAL MANAGEMENT SERVICES LP,
                 698 1/2 S OGDEN ST,    BUFFALO NY 14206-2317
4912107        +E-mail/PDF: creditonebknotifications@resurgent.com Jun 07 2017 19:00:23      CREDIT ONE BANK,
                 PO BOX 98872,    LAS VEGAS NV 89193-8872
4912096        +E-mail/Text: WFB.Bankruptcy@cabelas.com Jun 07 2017 19:05:05      Cabela's/WFB,
                 4800 NW 1st Street,    Lincoln, NE 68521-4463
4912108        +E-mail/PDF: creditonebknotifications@resurgent.com Jun 07 2017 19:00:23      Credit One Bank,
                 585 E. Pilot Road,    Las Vegas, NV 89119-3619
4912118         E-mail/Text: bankruptcynotification@ftr.com Jun 07 2017 19:05:03      FRONTIER COMMUNICATIONS,
                 19 JOHN ST,    MIDDLETOWN NY 10940-1234
4912120        +E-mail/Text: bankruptcy@affglo.com Jun 07 2017 19:04:41      GLOBAL CREDIT & COLLECTIONS CORP,
                 5440 N CUMBERLAND AVE STE 300,    CHICAGO IL 60656-1486
4912123         E-mail/Text: cio.bncmail@irs.gov Jun 07 2017 19:04:24      Internal Revenue Service,
                 PO Box 7346,   Philadelphia, PA 19101-7346
4912125         E-mail/Text: JCAP_BNC_Notices@jcap.com Jun 07 2017 19:04:46      JEFFERSON CAPITAL SYSTEMS LLC,
                 16 MCLELAND RD,   ST CLOUD MN 56303
4912127        +E-mail/Text: bnckohlsnotices@becket-lee.com Jun 07 2017 19:04:21      KOHLS,   PO BOX 3115,
                 MILWAUKEE WI 53201-3115
4912128        +E-mail/Text: bnckohlsnotices@becket-lee.com Jun 07 2017 19:04:21      KOHLS,   PO BOX 2983,
                 MILWAUKEE WI 53201-2983
4912130        +E-mail/PDF: resurgentbknotifications@resurgent.com Jun 07 2017 19:00:25      LVNV FUNDING,
                 CO RESURGENT CAPITAL SVCS,    PO BOX 10497,   GREENVILLE SC 29603-0497
4912132        +E-mail/PDF: clerical@simmassociates.com Jun 07 2017 19:00:32      LVNV FUNDING LLC,
                 PO BOX 1259,   OAKS PA 19456-1259
4912142         E-mail/Text: USTPRegion03.HA.ECF@USDOJ.GOV Jun 07 2017 19:04:39
                 OFFICE OF US TRUSTEE MD OF PA,    228 WALNUT ST 11TH FLOOR,   PO BOX 969,
                 HARRISBURG PA 17108-0969
4914634         E-mail/PDF: cbp@onemainfinancial.com Jun 07 2017 19:00:14      ONEMAIN,   P.O. BOX 3251,
                 EVANSVILLE, IN 47731-3251
4912144         E-mail/PDF: cbp@onemainfinancial.com Jun 07 2017 19:00:25      ONEMAIN,   PO BOX 742536,
                 CINCINNATI OH 45274-2536
4912145        +E-mail/PDF: cbp@onemainfinancial.com Jun 07 2017 19:00:34      ONEMAIN FINANCIAL INC,
                 695 KIDDER ST,    WILKES BARRE PA 18702-6938
4912148         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 07 2017 19:04:33
                 Pennsylvania Department of Revenue,    Department 280946,   Attn: Bankruptcy Division,
                 Harrisburg, PA 17128-0946
4912155        +E-mail/PDF: resurgentbknotifications@resurgent.com Jun 07 2017 19:00:16
                 RESURGENT CAPITAL SVCS,    55 BEATTIE PL #110,   GREENVILLE SC 29601-5115
4912156        +E-mail/PDF: resurgentbknotifications@resurgent.com Jun 07 2017 19:00:25
                 Resurgent Correspondence,    PO Box 10497,   Greenville, SC 29603-0497
4912159        +E-mail/PDF: gecsedi@recoverycorp.com Jun 07 2017 19:00:22      SYNCB TJX,   PO BOX 965015,
                 ORLANDO FL 32896-5015
4912160        +E-mail/PDF: gecsedi@recoverycorp.com Jun 07 2017 19:00:15      SYNCB WALMART,   PO BOX 965024,
                 ORLANDO FL 32896-5024
4912161         E-mail/PDF: gecsedi@recoverycorp.com Jun 07 2017 19:00:23      SYNCB/Lowe's,   P.O. Box 965036,
                 Orlando, FL 32896-5036
4912162         E-mail/PDF: gecsedi@recoverycorp.com Jun 07 2017 19:00:22      SYNCB/Walmart,   P.O. Box 965036,
                 Orlando, FL 32896-5036
4918800         E-mail/Text: bkrcy@ugi.com Jun 07 2017 19:04:57      UGI Utilities Inc,   PO Box 13009,
                 Reading PA 19612
4912171        +E-mail/Text: WFB.Bankruptcy@cabelas.com Jun 07 2017 19:05:05      WORLDS FOREMOST BANK,
                 4800 NW 1ST ST STE 300,    LINCOLN NE 68521-4463
                                                                                              TOTAL: 29
```

```
              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
4912164*      ++TOYOTA MOTOR CREDIT CORPORATION,   PO BOX 8026,   CEDAR RAPIDS IA 52408-8026
                 (address filed with court:  TOYOTA FINANCIAL SERVICES,   PO BOX 5855,
                 CAROL STREAM IL 60197-5855)
4912165*      ++TOYOTA MOTOR CREDIT CORPORATION,   PO BOX 8026,   CEDAR RAPIDS IA 52408-8026
                 (address filed with court:  TOYOTA FINANCIAL SERVICES,   PO BOX 8026,   CEDAR RAPIDS IA 52409)
                                                                                   TOTALS: 0, * 3, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 09, 2017                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 7, 2017 at the address(es) listed below:

```
              Carlo   Sabatini    on behalf of Debtor Mark Andrew Stone usbkct@bankruptcypa.com,
               kecf@bankruptcypa.com;ivms@bankruptcypa.com;necf@bankruptcypa.com;sabecf@gmail.com;secf@bankruptc
               ypa.com
              Carlo   Sabatini    on behalf of Joint Debtor Megan Theresa Stone usbkct@bankruptcypa.com,
               kecf@bankruptcypa.com;ivms@bankruptcypa.com;necf@bankruptcypa.com;sabecf@gmail.com;secf@bankruptc
               ypa.com
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com,  TWecf@pamd13trustee.com
              James   Warmbrodt    on behalf of Creditor   Toyota Motor Credit Corporation bkgroup@kmllawgroup.com
              Kevin S Frankel    on behalf of Creditor    JPMorgan Chase Bank, National Association pa-bk@logs.com
              Peter E Meltzer    on behalf of Creditor    OneMain Financial Inc. bankruptcy@wglaw.com,
               state@wglaw.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 7
```

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | : CHAPTER 13 |
| Mark Andrew Stone | : CASE NO. |
| and | : |
| Megan Theresa Stone | : CHAPTER 13 PLAN |
| | :           (Indicate if applicable) |
| | : ( 0 ) # MOTIONS TO AVOID LIENS |
| | : ( 1 ) # MOTIONS TO VALUE COLLATERAL |
| **Debtor(s)** | : |
| | : ( X ) ORIGINAL PLAN |
| | : (    ) AMENDED PLAN |
| | :           (Indicate 1ST, 2ND, 3RD, etc.) |

---

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

---

## PLAN PROVISIONS

**DISCHARGE:** (Check one)

[X]   The debtor will seek a discharge of debts pursuant to Section 1328(a).

[ ]   The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

[X]   This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

**1. PLAN FUNDING AND LENGTH OF PLAN**

    A.    <u>Plan Payments</u>

        1.    To date, the Debtor(s) has paid $___0.00___ (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $ **33,000.00**_____ , plus other payments and property stated in Section 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| May-17 | Nov-21 | $600.00 | $0.00 | $33,000.00 |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  | Total Payments: | $ 33,000.00 |

        2.    If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

        3.    Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

        4.    CHECK ONE:    [X] Debtor(s) is at or under median income

                                 [ ] Debtor(s) is over median income. Debtor(s) calculates that a minimum of $___0.00___ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

    B.    <u>Liquidation of Assets</u>

        1.    In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of _____ from the

2
Case 5:17-bk-01661-JJT   Doc 4   Filed 04/21/17   Entered 04/21/17 14:03:03   Desc
Main Document    Page 2 of 10
Case 5:17-bk-01661-JJT   Doc 23   Filed 06/09/17   Entered 06/10/17 00:52:36   Desc
Imaged Certificate of Notice    Page 5 of 13

      sale of property known and designated as _____
_____. All sales shall be completed by
_____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows:
_____

2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

3. The Debtor estimates that the liquidation value of this estate is $_____0_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

**2. SECURED CLAIMS**

    A. <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
| **Toyota Financial Services** | PO Box 5855<br>Carol Stream, IL 60197-5855 | xxxxx0050 | $200.00 |
| **OneMain** | PO Box 742536<br>Cincinatti, OH 45274-2536 | xxxxx4293 | $42.63 |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

    B. <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms, unless otherwise agreed to by the contracting parties, and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

Rev. 09/01/14

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| Chase | 14 Yorktown Road, Mountain Top, PA 18707 | $ 1019.14 | $ |

C. <u>Arrears</u>. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Mountain Top Sanitary Authority | 14 Yorktown Road, Mountain Top, PA 18707 | $710.00 | $0.00 | $710.00 |

D. Secured Claims Paid According to Modified Terms. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| OneMain | 2003 Ford Ranger | 4,263.00 | 3.50% | $4,673.14 | Plan |

**\* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

E. <u>Other Secured Claims</u>. (Including conduit payments)

F. <u>Surrender of Collateral</u>. Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's

right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| **Toyota Financial Services** | **2015 Toyota Rav4** |

G. <u>Lien Avoidance.</u> The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

H. <u>Optional provisions regarding duties of certain mortgage holders and servicers.</u> Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. (Check if applicable)

☐ Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

(2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3. **PRIORITY CLAIMS**

    A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
| **Internal Revenue Service** | **$ 14,010.00** |

B. <u>Administrative Claims</u>:

(1) Trustee Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2) Attorney fees. Check one box:

☐ In addition to the retainer of _____ already paid by Debtor, the amount of _____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2.

☒ $395.00 per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar computation shall require a separate fee application with the requested amount of compensation approved by the Court.

(3) Other administrative claims.

**4. UNSECURED CLAIMS**

A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

B. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

**6. REVESTING OF PROPERTY: (Check One)**

☐ Property of the estate will vest in the Debtor upon confirmation. (Not to be used with Section 2H)

☐ Property of the estate will vest in the Debtor upon closing of the case.

**7. STUDENT LOAN PROVISIONS**

A. <u>Student loan provisions</u>. This plan does not seek to discharge student loan(s) except as follows:

**(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)**

**8. OTHER PLAN PROVISIONS**

A. Include the additional provisions below or on an attachment. **(NOTE: The plan and any attachment must be filed as one document, not as a plan and**

**exhibit.)**
See Attachment.

9. **ORDER OF DISTRIBUTION**

Payments from the plan will be made by the Trustee in the following order:

| | |
|---|---|
| Level 1: | Pre-Confirmation Distributions listed in ¶ 2.A |
| Level 2: | Debtor's Attorney's Fees (in ¶ 3.B.(2) + any additional Court approved fee) |
| Level 3: | Domestic Support Obligations |
| Level 4: | Amounts listed in ¶ 2.D, pro rata |
| Level 5: | Amounts listed in ¶ 2.C, pro rata. If a proof of claim is filed the allowed amount of the arrearage shall be paid. |
| Level 6: | Amounts listed in ¶ 2.E, pro rata |
| Level 7: | Amounts listed in ¶ 4.A, pro rata |
| Level 8: | Priority amounts of allowed claims listed in ¶ 3.A, pro rata |
| Level 9: | General unsecured claims |

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

| | |
|---|---|
| Level 1: | Adequate protection payments. |
| Level 2: | Debtor's attorney's fees. |
| Level 3: | Domestic Support Obligations. |
| Level 4: | Priority claims, pro rata. |
| Level 5: | Secured claims, pro rata. |
| Level 6: | Specially classified unsecured claims. |
| Level 7: | General unsecured claims. |
| Level 8: | Untimely filed unsecured claims to which the Debtor has not objected. |

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the Trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated: April 21, 2017  
                                                     s/ Carlo Sabatini  
                                                    Attorney for Debtor

                                                    s/ Mark Andrew Stone  
                                                    Debtor

                                                    s/ Megan Theresa Stone  
                                                    Joint Debtor

8. **OTHER PLAN PROVISIONS**

   A. Include the additional provisions below or on an attachment. **(NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

   (1) **Vesting of Property.**
   a. Motor vehicles vest in the debtor upon confirmation.
   b. Any right that the debtor may have to bring a lawsuit based on pre-confirmation conduct (including the claim listed on Schedule A/B at ¶ 33) vests upon confirmation. This treatment gives the debtor "absolute ownership and control of the property" and "the ability to liquidate the property without the approval of the Court." *In re Wei-Fung Chang*, 438 B.R. 77, 80 and 85 (Bankr. M.D. Pa. 2010)(France, J); *see also*, *In re Schatz*, 452 B.R. 544, 553 (Bankr. M.D. Pa. 2011)(Opel, J.). Thus, upon confirmation, these claims: (a) will become the sole property of the debtor and will no longer be property of the estate, and (b) will no longer be subject to any requirement in 11 U.S.C. §§ 363(b) and 1303 that the court approve any settlement of those claims. Instead, after confirmation the Debtor may settle those claims "without the approval of the [bankruptcy] Court." *Cf. In re Martin*, 91 F.3d 389 (3d Cir. 1996)(agreement to settle claim that was property of the estate required approval under § 363).
   c. All other property of the estate will vest in the debtors upon discharge.

   (2) **Proofs of Claim and Effect of Confirmation.** Confirmation shall not constitute a finding that any claim is allowed, and Debtor may object to all proofs of claim, whether before or after confirmation or payment by the Trustee. Confirmation of the plan shall not bar the Debtor from seeking a determination of the extent, validity, or priority of any liens or of the dischargeability of any debt.

   (3) **Priority claims.** If an amount is stated in paragraph 3.A, that figure is an estimate of the priority part of the claim. If the estimate is different than the priority amount as listed in the allowed proof of claim, then the claim amount shall be the amount listed on the creditor's proof of claim.

   (4) **Plan Duration.** Nothing in ¶ 1.A.1, or in any other provision of this plan, shall be construed to require a minimum plan duration. But, if the bankruptcy code does require a minimum plan duration, then nothing in this plan shall be construed to change that requirement.

¶ 8 – p. 1

Case 5:17-bk-01661-JJT    Doc 4    Filed 04/21/17    Entered 04/21/17 14:03:03    Desc
Main Document    Page 8 of 10
Case 5:17-bk-01661-JJT    Doc 23    Filed 06/09/17    Entered 06/10/17 00:52:36    Desc
Imaged Certificate of Notice    Page 11 of 13

(5) **11 U.S.C. § 366 Adequate Assurance.** If the Debtors default after filing of the petition, on any payment to a utility entitled to adequate assurance under Bankruptcy Code § 366, then that debt shall, upon application of said utility with contemporaneous notice to debtor's counsel and the trustee, become an administrative claim under this plan. This priority shall be deemed adequate assurance of the utility's future payments. Notwithstanding the possible application of 11 U.S.C. § 362, Debtor consents to receipt of <u>written</u> communications from utility companies in connection with any post-petition default. Any communication regarding a post-petition default shall not be sent to Debtor's counsel.

(6) **Vehicle loans.** If the Debtor is retaining possession of a vehicle subject to a lease or securing a claim attributable in whole or in part to the purchase price of such property, then with respect to such property the Debtor shall, not later than 60 days after the filing of the petition, provide the lessor or secured creditor reasonable evidence of the maintenance of any required insurance coverage with respect to the use or ownership of such property. The Debtor shall not cancel any policy of which a creditor has been so notified without having first retained replacement coverage with respect to such personal property. Debtor's duty to provide reasonable evidence of the maintenance of required insurance coverage for so long as Debtor retains possession of the personal property, including any such duty under 11 U.S.C. § 1326, shall be fully satisfied by operation of 40 P.S. § 3403 (Notice requirements for midterm cancellations and nonrenewals) unless the lessor or secured creditor receives notice under that section of a midterm cancellation or nonrenewal and serves a copy of such notice upon Debtor's counsel. In that event, the Debtor shall, not later than 20 days after service of such notice upon Debtor's counsel, provide the lessor or secured creditor reasonable evidence of the maintenance of any required insurance coverage with respect to the use or ownership of such property. Notwithstanding the application of 11 U.S.C. § 362, Debtor consents to receipt of <u>written</u> statements or communications from the creditors identified in ¶ 2.B in connection with any payment that comes due post-petition. To the extent that such a creditor would be required to communicate with the Debtor to comply with 12 Pa.C.S.A. § 6231 (regarding personal property) with respect to an account identified in ¶ 2.B, the Debtor specifically waives the protection of the bankruptcy code solely to the extent that such a waiver is necessary to permit the creditor's compliance with 12 Pa.C.S.A. § 6231.

(7) **Claims secured by property removed from the stay.** Any creditor holding a claim secured by property (or any creditor holding a claim as a

¶ 8 – p. 2

Case 5:17-bk-01661-JJT    Doc 4    Filed 04/21/17    Entered 04/21/17 14:03:03    Desc
Main Document    Page 9 of 10
Case 5:17-bk-01661-JJT    Doc 23    Filed 06/09/17    Entered 06/10/17 00:52:36    Desc
Imaged Certificate of Notice    Page 12 of 13

lessor of property, including any claim under 11 U.S.C. § 503(b)(1)(A)) which property is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, shall have its claim discharged if a discharge is entered under 11 U.S.C. § 1328(a), 11 U.S.C. § 1328(b), or 11 U.S.C. § 727 (following a conversion). Upon written request from Debtor's counsel to the trustee, such creditor will receive no further distribution from the trustee other than as a general unsecured claim for payment of a deficiency for which an itemized proof of claim is filed within 120 days after the removal of the property from the protection of the automatic stay. This paragraph also applies to creditors who may claim an interest in, or lien upon, property that is removed from the protection of the automatic stay of another lien holder or released to another lien holder.

(8) Treatment of *Current Mortgage Claims*. *Current Mortgage Claims* are claims that are listed in paragraph 2.C as secured by mortgages on real estate and which claims have an amount of $0.00 under the heading "Estimated Pre-petition Arrears to be Cured."

   a. Confirmation of this plan shall constitute a finding that as of the date of the filing of the petition, the debtor was "fully current" on the *Current Mortgage Claim*. Without limitation, "fully current" means that with respect to the original amortization schedule for the loan, all installment payments that had come due as of the date of the filing of the petition had been paid and that Debtor had no unpaid obligation to the holder of the claim other than for principal and interest. This plan does not invoke 11 U.S.C. § 1322(b)(5) with respect to *Current Mortgage Claims* as there is no default to cure.

   b. Notwithstanding the application of 11 U.S.C. § 362, Debtor consents to receipt of <u>written</u> statements or communications in connection with any payment that comes due post-petition on an account that has a *Current Mortgage Claim*.

   c. For purposes of Bankruptcy Rule 3002.1, each *Current Mortgage Claim* shall be a claim provided for under 11 U.S.C. § 1322(b)(5).

¶ 8 – p. 3

Case 5:17-bk-01661-JJT    Doc 4    Filed 04/21/17    Entered 04/21/17 14:03:03    Desc
Main Document    Page 10 of 10
Case 5:17-bk-01661-JJT    Doc 23    Filed 06/09/17    Entered 06/10/17 00:52:36    Desc
Imaged Certificate of Notice    Page 13 of 13