# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re Mark Andrew Stone and Megan Theresa Stone,<br>    Debtors<br><br>Address: 14 Yorktown Road<br>    Wright Township, PA 18707<br><br>Last four digits of Debtor SSN: 9179<br>Last four digits of Joint Debtor SSN: 9901<br><br>Mark Andrew Stone and Megan Theresa Stone,<br>    Movants<br>v.<br><br>M&T Bank as servicer for Lakeview Loan Servicing, LLC,<br>    Respondent | Chapter 13<br><br>Case No. 5:17-bk-01661-MJC |

## Notice of Final Cure Payment

To: M&T Bank

Re: The claim filed on the claims register in this case at Claim Number 17 ("the Claim").

  **Debtor contends that the amount required to cure any default on the Claim has been paid in full.**

  This notice is being served by Debtor because:

a. the Claim is secured by a security interest in Debtor's principal residence,

b. the plan provides that Debtor will make contractual installment payments on the Claim,

c. more than 30 days have passed since the debtor completed payments under the plan, and

d. the trustee has not served the notice required by Rule 3002.1(f).

The holder of the Claim has an obligation to file and serve a response to this notice under Bankruptcy Rule 3002.1(g). That rule states:

> **(g) Response to Notice of Final Cure Payment.** Within 21 days after service of the notice under subdivision (f) of this rule, the holder shall file and serve on the debtor, debtor's counsel, and the trustee a statement indicating (1) whether it agrees that the debtor has paid in full the amount required to cure the default on the claim, and (2) whether the debtor is otherwise current on all payments consistent with § 1322(b)(5) of the Code. The statement shall itemize the required cure or postpetition amounts, if any, that the holder contends remain unpaid as of the date of the statement. The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).

Note that Rule 3002.1 applies "whenever a chapter 13 plan provides that contractual payments on the debtor's home mortgage will be maintained, whether they will be paid by the trustee or directly by the debtor. The . . . rule applies even if there is no prepetition arrearage to be cured." Advisory Committee Notes to 2016 Amendments.

s/ Carlo Sabatini
Carlo Sabatini, Attorney for Debtors
Sabatini Freeman, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ecf@bankruptcypa.com
Bar Number PA 83831